ORIGINAL

**FILED**

# In the United States Court of Federal Claims

No. 17-2029 (Pro Se)
(Filed: April 23, 2018 | Not For Publication)

APR 2 3 2018

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| JONATHON LARON FRIEND EL, ) | Keywords: Pro Se Plaintiff; Motion to Dismiss; Subject Matter Jurisdiction. |
| ) |  |
| Plaintiff, ) |  |
| ) |  |
| v. ) |  |
| ) |  |
| THE UNITED STATES OF AMERICA, ) |  |
| ) |  |
| Defendant. ) |  |
| ) |  |

*Jonathon Laron Friend El*, Marion, NC, pro se.

*John S. Groat*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Deborah A. Bynum*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Jonathon Laron Friend El filed a complaint in this Court on December 22, 2017. The government has moved to dismiss Mr. Friend El's complaint. For the reasons discussed below, the government's motion to dismiss is **GRANTED**. Accordingly, Mr. Friend El's complaint is **DISMISSED** without prejudice.

## BACKGROUND[1]

Mr. Friend El is currently incarcerated in a state prison in North Carolina. See Friend v. Schatzman, No. 1:15CV231, 2015 WL 1346245, at *1 (M.D.N.C. Mar. 25, 2015). The allegations in his complaint posit the existence of a wide-ranging conspiracy to somehow commercialize the criminal justice system for the financial benefit of (among others) judges and prosecutors. See Compl. at 2–10, Docket No. 1. In connection with these claims, Mr. Friend El alleges that he has been "unjustly convicted and imprisoned" because the "courts"

---

[1] The facts set forth in this section are based on the allegations in Mr. Friend El's complaint, which the Court assumes are true for purposes of deciding the government's motion to dismiss, as well as on jurisdictional facts drawn from the documents attached to the government's motion.

7017 1450 0000 1346 4667

that imposed his sentence "are not 'Courts' as per the Constitution of the United States, but rather tribunals acting as private corporations." Compl. at 1–2.

Further, according to Mr. Friend El, the "alleged Criminal/Misdemeanor cases" against him "are really civil claims in equity." Id. at 2 (quotation omitted). He claims that the federal and state governments, acting in concert, "securitize" such cases through the following process: first, "[a]fter finding the alleged Defendant guilty," the clerk of the state court "sells the judgments to the Federal Courts," after which "[t]he judgments are . . . taken to the federal Discount window," converted by some unspecified means into "notes," and then "pooled together and sold as bonds." Id. at 2–4. According to Mr. Friend El, "[s]aid bonds are liens against me."[2] Id. at 4.

Mr. Friend El asserts that has "never authorized the United States . . . nor the State . . . of North Carolina, to securitize any documents in any case against me." Id. at 9. Further, he contends, "the [a]ct of engaging in commercial transactions on behalf of another . . . without their knowledge, consent and authorization is fraud." Id. at 10 (emphasis omitted).

Based on these allegations, Mr. Friend El "demand[s] that [he] be immediately released from prison," apparently because his conviction was "fraud." Id. He also requests that "all funds from all cases . . . be sent to [him] immediately" and that his name "be removed from all government databases indicating bad credit." Id. at 11. Finally, he asks for $300,000,000 in damages and "[a]ny other relief/remedy th[e] Court deems appropriate." Id.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).The court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs (as is this one), are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional

---

[2] Mr. Friend El's complaint contains many additional allegations related to this alleged scheme that are difficult to understand. See Compl. at 5–10. For example, he alleges (among many other things) that "[t]he securities end up being listed through the Seventh Circuit (Chicago, IL), then sent to the DTCC, the clearinghouse [that] list[s] the securities for trading," Compl. at 6; that "[a]ll of the lawyers are acting as private debt collectors according to the FDCPA" and that "[t]he Bar Association exempts them from having to register as such," id.; and that "the 'courts' have an account with the IMF (International Monetary Fund) under Interpol," and, consequently, that "[t]he judges involved and the US Attorneys involved do not have an accessible oath of office, because . . . the oath of office is between them and the IMF." Id. at 7.

requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

Applying these standards, the Court concludes that it lacks jurisdiction over Mr. Friend El's complaint. First, under principles of federalism, "among the federal courts, only the United States Supreme Court may review the judgments of state courts." Jiron v. United States, 118 Fed. Cl. 190, 200 (citing, inter alia, Johnson v. Way Cool Mfg., L.L.C., 20 F. App'x 895, 897 (Fed. Cir. 2001) (per curiam)). The Court thus cannot entertain Mr. Friend El's attempts to collaterally attack his state court conviction as "fraud" or order any relief related to that conviction.

Further, Court cannot assert jurisdiction over claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.") Thus, to the extent Mr. Friend El's allegations concern the actions of private actors or particular state or federal officials, the court has no jurisdiction over such claims.

Finally, Mr. Friend El's demand for money damages does not appear to be rooted in any particular federal statute, regulation, or constitutional provision, let alone one that could fairly be interpreted as money-mandating. Accordingly, the Court lacks any basis upon which to grant Mr. Friend El's request for an award of money damages. See Mitchell, 463 U.S. at 216–17. And it is axiomatic that the Court lacks the power to grant injunctive relief except where it is incidental to a money judgment. 28 U.S.C. § 1491(a); see also Todd v. United States, 386 F.3d 1091, 1095 (Fed. Cir. 2004). The Court therefore has no jurisdiction over Mr. Friend El's requests for non-monetary relief.

In short, the Court lacks jurisdiction over all of Mr. Friend El's claims. His complaint must therefore be **DISMISSED** without prejudice.[3]

---

[3] As the government points out, given that Mr. Friend El's claims are essentially frivolous and that he thus has also failed to state a claim, 28 U.S.C. § 1915A provides an alternative basis for dismissing his complaint. See Def.'s Mot. to Dismiss at 3–4, Docket No. 5.

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is **GRANTED** and Mr. Friend El's complaint is **DISMISSED** without prejudice. The clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge